Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Nelson Campbell (SBN 357579)
ncampbell@donigerlawfim.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GRC TRUST, appearing through Jimmy Ginn;<br><br>Plaintiff,<br><br>v.<br><br>YEEZY LLC, a Delaware Limited Liability Company; KANYE WEST, as an individual and doing business as "YEEZY TECH"; TAVORIS JAVON HOLLINS, an individual; ALEXANDER KLEIN, an individual; KANO COMPUTING LIMITED; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>   AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

1
COMPLAINT

1    Plaintiff The GRC Trust, appearing through Jimmy Ginn ("Plaintiff" or
2  "GRC"), hereby prays to this honorable Court for relief based on the following:

3                          **Jurisdiction & Venue**

4        1.     This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et*
5  *seq.*

6        2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,
7  1338(a) and (b).

8        3.     Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and §
9  1400(a).

10                               **Parties**

11       4.     Jimmy Ginn is joined to this action in his representative capacity as the
12  duly-acting trustee of The GRC Trust, a Revocable Trust existing under the laws of
13  the State of Georgia.

14       5.     GRC is informed and, on that basis, believes that at all times mentioned
15  herein YEEZY LLC is a Delaware limited liability company with a principal place of
16  business of 8025 Melrose Avenue, Los Angeles, California 90046, according to the
17  California Secretary of State website.

18       6.     GRC is informed and, on that basis, believes that at all times mentioned
19  herein KANYE WEST was and is the artist publicly known as Ye, formerly known
20  as "Kanye West" ("Ye") and resides in Los Angeles, California.

21       7.     GRC is informed and, on that basis, believes that at all times mentioned
22  herein Ye does business as "YEEZY TECH" in connection with the sale and
23  distribution of the Stem Player.

24       8.     GRC is informed and, on that basis, believes that at all times mentioned
25  herein Tavoris Javon Hollins, is the artist professionally known as "Vory" ("Vory")
26  and resides in Houston, Texas.

27

28

9.      GRC is informed and, on that basis, believes that Kano Computing Limited ("Kano") is a United Kingdom private limited company, which, upon information and belief, regularly does business in the United States and this State, as evidenced by its filing with the California Secretary of State.

10.     GRC is informed and, on that basis, believes that Alexander Klein, ("Klein") was the co-founder and Chief Executive Officer of Kano, residing in the United Kingdom, and doing substantial business in the United States and this State, including with respect to the Stem Player.

11.     Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed GRC's copyrights, have contributed to the infringement of GRC's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to GRC, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12.     GRC is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of GRC's rights and the damages to GRC proximately caused thereby.

## Factual Background

13.     GRC owns the composition to the Sam Dees song *Always Keep Your Love (Just Out Of My Reach)* (the "Composition"). The Composition is registered with the United States Copyright Office.

14.     The Composition is an original work.

15.     In 2022, Defendants created the song entitled *LORD LIFT ME UP* (hereinafter the "Infringing Work")

16.     The primary rhythm of the Infringing Work is comprised of a reproduction and/or verbatim copy of substantial elements from the Composition.

17.     The composition of the Infringing Work is substantially comprised of the Composition and is either a verbatim copy or encompassed and embodied in an audio sample of the Composition found in the Infringing Work.

18.     A sample of audio from the recording of the Composition is prominently incorporated throughout the mix of the Infringing Work.

19.     In 2022, Defendants released the Infringing Work on a device called the Stem Player as part of Ye's self-released album *DONDA 2*. The exclusive way to listen to songs released on *DONDA* 2, was by purchasing the Stem Player.

20.     The Stem Player is a small MP3 player that was sold in connection with *DONDA 2*. The Stem Player allowed customers to manipulate "stems" to alter songs.

21.     Upon information and belief, *DONDA 2*, including the Infringing Use, was predownloaded on the Stem Player and one of the "stems" customers could manipulate on the Stem Player included the Composition.

22.     Upon information and belief, the Stem Player was created as a collaboration between Ye, doing business as YEEZY TECH, and Kano.

23.     Upon information and belief, Ye assisted Kano and Klein in creating and distributing the Stem Player, and the Stem Player is, through the date of this filing,

sold as a collaboration between YEEZY TECH and Kano, as evidenced by Kano's

website https://www.stemplayer.com/stemplayer?variant=clear:



24.　　Upon information and belief, it is alleged that in 2022 Defendants hosted a concert associated with the release of *DONDA 2*, where songs on *DONDA 2*, including the Infringing Work, were either played or performed.

25.　　Upon information and belief, *DONDA 2* was re-released to the public later in 2025 and was made available on music streaming services. This re-released *Donda 2* again included the Infringing Work which uses the Composition.

26.　　The song *LORD LIFT ME UP* resulted in significant revenue and profits to Defendants.

27.　　Representatives for Ye acknowledge that the Composition was used in the Infringing Work, and that GRC had not authorized Defendants to use the Composition.

28.　　At no point in did Defendants obtain authorization from GRC to use the Composition in connection with the Infringing Work or the Stem Player.

29.     Defendants continue to exploit and receive monies from the Infringing Work, respectively, in violation of GRC's rights in his Composition.

## **First Claim for Relief**

*(For Copyright Infringement—Against all Defendants, and Each)*

30.     GRC repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

31.     GRC is the sole and exclusive owner of the Composition.

32.     The Composition is registered with the U.S. Copyright Office.

33.     The Composition is an original work.

34.     Defendants had access to the Composition because the Composition was widely distributed throughout the world since 1973. The Composition was widely distributed on vinyl, which was the dominant media format at the time of release. The Composition is also available on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

35.     In addition, Defendants' "sampling" (direct extraction and reproduction of the sound recording embodying the Composition) establishes access by way of striking similarity, if not virtual identity.

36.     Defendants, and each of them, infringed GRC's rights by making a direct copy of the Composition and using that copy in the Infringing Work without GRC's authorization or consent.

37.     Defendants failed to obtain the required license to use the Composition in the Infringing Work.

38.     Defendants further violated Plaintiff's exclusive right to create derivatives, as guaranteed by 17 U.S.C. § 106, by allowing remixing of Plaintiff's Composition.

39.     Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display,

and creation of the Infringing Work. The foregoing acts infringe GRC's rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting the Infringing Work on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube, and distributing the Infringing Work on the Stem Player.

40.    Due to Defendants', and each of their acts of infringement, GRC has suffered actual, general, and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sample.

41.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of GRC's rights in GRC's copyrighted Composition. As such, GRC is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the composition in an amount to be established at trial.

42.    GRC is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

43.    GRC repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

44.    GRC is informed and believes and now alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Infringing Work as alleged above.

Specifically, the producers underwrote, facilitated, and participated in the respective illegal copying during the creation of the Infringing Work. Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Work.

45.    GRC is informed and believes and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of the Infringing Work. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Work.

46.    By reason of Defendants, and each of their, acts of contributory and vicarious infringement as alleged above, GRC has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

47.    Due to Defendant's acts of copyright infringement as alleged herein, Defendant's, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of GRC's rights. As such, GRC is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of GRC's rights in his copyrighted composition in an amount to be established at trial.

48.    GRC is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **Prayer for Relief**

### *(Against All Defendants)*

With Respect to Each Claim for Relief, GRC demands judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing GRC's copyrights in and to GRC's copyrighted Composition;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing GRC's copyrights in and to GRC's copyrighted composition;

c. For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with the Infringing Work and all revenues resulting from the exploitation of same, for the benefit of GRC;

d. That GRC be awarded all profits of Defendants, and each, plus all losses of GRC, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to GRC's actual damages and lost profits;

f. That GRC be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 or other statutory or common law;

g. That GRC be awarded pre-judgment interest as allowed by law;

h. That GRC be awarded the costs of this action; and

i. That GRC be awarded such further legal and equitable relief as the Court deems proper.

GRC demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 4, 2025        By:        */s/ Scott Alan Burroughs*
                                           Scott Alan Burroughs, Esq.
                                           Nelson Campbell, Esq.
                                           DONIGER / BURROUGHS
                                           Attorneys for Plaintiff