**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendant Yeezy LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GRC TRUST, appearing through Jimmy Ginn,<br><br>Plaintiff,<br><br>v.<br><br>YEEZY LLC, a Delaware Limited Liability Company; KANYE WEST, as an individual and doing business as "YEEZY TECH"; TAVORIS JAVON HOLLINS, an individual; ALEXANDER KLEIN, an individual; KANO COMPUTING LIMITED; and DOES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-08387-AJR<br><br>**DEFENDANT YEEZY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>*Filed concurrently herewith: Notice of Motion; Declaration of Evan Miller; [Proposed] Order*<br><br>Hearing Date: November 19, 2025<br>Time: 1:30 p.m.<br>Action Filed: September 4, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Yeezy LLC ("Defendant") hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of plaintiff The GRC Trust, appearing through Jimmy Ginn, ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

Defendant moves to dismiss the complaint based on the simple fact that Plaintiff has not alleged *any* factual allegations against Defendant that could support a claim for relief. This is not hyperbole. Defendant is only specifically mentioned in two places: (1) on the caption, and (2) at Paragraph No. 5—where Plaintiff alleges Defendant is a Delaware limited liability company with a principal place of business in Los Angeles. Beyond this, Defendant could only be construed as being mentioned in conclusory allegations made by Plaintiff in reference to all of the defendants in the case. Supreme Court and Ninth Circuit precedent are clear in that such conclusory statements do not suffice to state a claim on which relief can be granted. Defendant therefore requests the Court dismiss the complaint.

## II.   BACKGROUND

Plaintiff alleges ownership of a copyrighted musical work, the Sam Dees song "Always Keep Your Love (Just Out Of My Reach)" (the "Work"), and asserts that the Work was copied and exploited without authorization. ECF 1, ¶¶ 13-14, 28-29, 36-41. Plaintiff claims that one or more tracks released or made available by certain defendants incorporate a portion of the Work and were distributed to the public. *Id.*, ¶¶ 15-18, 19-21, 24-25, 39.

Specifically, Plaintiff's operative factual narrative attributes the alleged infringing conduct to Ye, doing business as "Yeezy Tech." Id., ¶¶ 7, 19-23. Plaintiff alleges the Work was included in a sample of Ye's song "Lord Lift Me Up." *Id.*, ¶¶ 15-18. Plaintiff alleges Ye's song was released on an MP3 device called the "Stem Player" as a part of his self-released album, DONDA 2. *Id.*, ¶¶ 19-21. According to

MARTORELL LAW APC
Litigation & Trial Counsel

Plaintiff, this device was made as a part of a collaboration between Ye, doing business as Yeezy Tech, and defendants Kano and Klein, and that they all continue to sell it to this day. *Id.*, ¶¶ 22-23. Plaintiff also alleges the song that included elements of the Work was played at a concert in 2022 and re-released in 2025. *Id.*, ¶¶ 24-25.

      Notably absent from the complaint are any specific allegations about any involvement by Defendant in any of these activities. Plaintiff does not allege that Yeezy LLC manufactured, distributed, or sold the Stem Player device. *Id.*, ¶¶ 19-23. Plaintiff claims the alleged infringing work was "self-released" by defendant Ye. *Id.*, ¶ 19. There exist no material factual allegations whatsoever that specify any conduct by Defendant. *See, inter alia,* ECF 1.

      The direct-infringement cause of action speaks only in terms of "Defendants" collectively—e.g., that "Defendants" copied, distributed, and publicly performed the Work—without specifying what Yeezy LLC itself allegedly did to copy, reproduce, distribute, or publicly perform the Work. *Id.*, ¶¶ 31-42.

      For the secondary-liability claim, the complaint pleads "vicarious and/or contributory" infringement in conclusory terms—alleging that "Defendants knowingly induced, participated in, aided and abetted" and had the "right and ability to supervise" and a "direct financial interest"—without factual particulars connecting Yeezy LLC to (i) knowledge of specific infringing acts, (ii) any affirmative steps that materially aided those acts, (iii) a right and ability to supervise the direct infringer(s), or (iv) a direct financial benefit flowing from the infringing activity as opposed to lawful operations. *Id.*, ¶¶ 44-48.

      The pleading also contains a brief, boilerplate alter-ego/agency paragraph, asserting that defendants were each other's "alter egos, agents, representatives, and co-conspirators"—but it does not include supporting facts showing unity of interest, dominion or control, or that an inequitable result would follow absent veil-piercing or agency. *Id.*, ¶ 12.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. PLAINTIFF FAILS TO STATE ANY FACTS SPECIFIC TO ANY CONDUCT BY DEFENDANT

By failing to allege any specific conduct against Defendant, and only pleading, as to Defendant, in general terms as to all defendants, Plaintiff has failed to satisfy Rule 8 notice requirements.

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

///

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A complaint which lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." *Keskinen v. Lush Handmade Cosms. LLC*, 770 F. Supp. 3d 1234, 1244 (C.D. Cal. 2025). "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015).

"[A]s the complaint stands now it does not properly notify individual defendants of the allegations with which they are charged. Given the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to 'defendants' or 'other responsible authorities' will not suffice." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

As is readily apparent on the face of the complaint, Plaintiff has alleged absolutely no material factual allegations specific to conduct by Defendant and, instead, Defendant can only be assumed to be implicated in broad allegations against all defendants, which are made throughout the complaint. This renders the complaint factually deficient. *See Samuelson v. Jewell Sch. Dist. 8*, 725 F. Supp. 3d 1195, 1205 n. 2 (D. Or. 2024) ("The First Amended Complaint often refers to 'Defendants' generally, such that the specific Defendants to whom Plaintiff refers are unclear. That is so not only for Plaintiff's factual allegations, but also for his claims. A complaint may be factually deficient when it lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants .... Plaintiffs must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in [misconduct] and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims.").

### B. PLAINTIFF FAILS TO STATE FACTS SUFFICIENT TO STATE CLAIMS FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

To state a claim for copyright infringement, Plaintiff must plausibly allege: (1) that they own a valid copyright in the subject work, and (2) that Defendant copied protected aspects of the subject work's expression." *Malibu Textiles, Inc. v. Label Lane In''l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019).

The Ninth Circuit bifurcates the second prong into two distinct components: copying and unlawful appropriation. *Woodland v. Hill*, 136 F.4th 1199, 1206 (9th Cir. 2025). A plaintiff must first show that a defendant copied the work at issue. *Id.* "Without copying, there is no copyright violation because, unlike in the patent context, copyright law does not grant authors a monopoly on protected works." *Id.* After a plaintiff shows that the defendant copied the work, the plaintiff must then prove unlawful appropriation. *Id.* To show unlawful appropriation, the plaintiff must prove that the defendant copied enough of the protected expression in the work to render the two works substantially similar. *Id.*

"To state a claim for indirect copyright infringement, a plaintiff must plead facts showing that the defendant caused a third party's infringement or distributed a work with the intent to foster infringement by third parties." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1354 (W.D. Wash. 2014).

Here, Plaintiff fails to allege any actionable conduct by Defendant that could constitute copying or unlawful appropriation, whether directly or indirectly. Indeed, Plaintiff's allegations relate entirely to alleged copying and infringement by other parties to this lawsuit. The conclusory allegations in the complaint that refer to all defendants collectively are not sufficient to state a claim as to Defendant individually. *Iqbal*, 556 U.S. at 678; *McHenry,* 84 F.3d at 1175; *Keskinen, v.* 770 F. Supp. 3d at 1244.

///

### C. THIS MOTION COMPLIES WITH LOCAL RULE 7-3

More than one week prior to the filing of this motion, on October 13, 2025, the parties met and conferred telephonically on the foregoing grounds and were unable to come to an agreement. *See* Declaration of Evan Miller.

## V. CONCLUSION

For the foregoing reasons, Defendant requests the Court grant the motion to dismiss.

Date: October 21, 2025                    **MARTORELL LAW APC**

By: */s/ Evan Miller*
    Eduardo Martorell
    Christopher Rosario
    Evan Miller
    *Attorneys for Defendant,*
    Yeezy LLC