**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Christopher Rosario, State Bar No. 326436
CRosario@Martorell-Law.com
Evan Miller, State Bar No. 336473
EMiller@Martorell-Law.com
222 N. Pacific Coast Highway, Suite 1300
El Segundo, CA 90245
Telephone: (323) 840-1200
Facsimile: (323) 840-1300

Attorneys for Defendants Yeezy LLC and
Ye f/k/a Kanye Omari West

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GRC TRUST, appearing through Jimmy Ginn,<br><br>Plaintiff,<br><br>v.<br><br>YEEZY LLC, a Delaware Limited Liability Company; KANYE WEST, as an individual and doing business as "YEEZY TECH"; TAVORIS JAVON HOLLINS, an individual; ALEXANDER KLEIN, an individual; KANO COMPUTING LIMITED; and DOES 1-10,<br><br>Defendants. | Case No.: 2:25-cv-08387-AJR<br><br>**DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FAC**<br><br>*Filed concurrently herewith: Notice of Motion; Declaration of Evan Miller; [Proposed] Order*<br><br>Hearing Date:    October 21, 2026<br>Time:    1:30 p.m.<br>Action Filed:    September 4, 2025 |

MARTORELL LAW APC
Litigation & Trial Counsel

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Ye (formerly known as Kanye Omari West) ("Defendant" or "Ye") hereby submits this Memorandum of Points and Authorities in support of his Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiff The GRC Trust, appearing through Jimmy Ginn, ("Plaintiff").

## I.    INTRODUCTION

This motion is narrow. Ye joins the globally applicable grounds already briefed by Yeezy LLC and supplements them with deficiencies specific to the allegations against him.

Although Plaintiff asserts a claim for direct copyright infringement against Ye, it never identifies the act by which Ye himself allegedly reproduced, distributed, performed, displayed, or otherwise infringed Plaintiff's musical composition. Instead, Plaintiff relies on Ye's association with *DONDA 2* and the Stem Player, his alleged assistance to other persons and entities, a conclusory assertion that he "caused" a later rerelease, and an alleged acknowledgment by unidentified representatives. Those allegations do not plausibly allege direct infringement by Ye.

Plaintiff's remaining theories do not cure that defect. Its derivative work theory rests on the allegation that Stem Player users could manipulate musical "stems", without identifying any concrete derivative work prepared by Ye. Plaintiff's composition claim relies principally on the allegation that Defendants sampled audio from a sound recording, even though Plaintiff asserts rights only in the underlying musical composition. The alleged extraction of recorded audio does not relieve Plaintiff of its separate obligation to identify actionable copying of protected expression in the composition itself.

Ye therefore respectfully requests the Court dismiss Plaintiff's copyright infringement claim. In the alternative, Ye requests the Court order a more definite statement from Plaintiff regarding the deficiencies discussed herein.

/ / /

MARTORELL LAW APC
Litigation & Trial Counsel

## II.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations in a complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

## III.   ARGUMENT

### A.    Ye Properly Joins Yeezy LLC's Pending Motion

"Allowing one party to join another party's motion is a matter well within the district court's substantial case management discretion." *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1002 (E.D. Cal. 2022). "When reviewing whether to allow a party to join in a motion, the court will allow the joinder when either (1) the parties are so similarly situated that filing an independent motion would be redundant, or (2) the party seeking joinder specifically points out: which parts of the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and moving party that give rise to a similar claim or defense." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151 (C.D. Cal. 2016). "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MTN TO DISMISS

similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981).

Here, Ye and Yeezy LLC are similarly situated as to the common grounds raised in Yeezy LLC's pending motion because the FAC asserts the same sole claim for direct copyright infringement against both, arising from the same alleged copying and exploitation of the same composition in "LORD LIFT ME UP," *DONDA 2*, and the Stem Player. ECF 13 (FAC), ¶¶ 18-30, 33-45. Specifically, Ye joins and incorporates Yeezy LLC's arguments that Plaintiff fails to adequately plead ownership and registration; infringement of protected compositional expression, including insofar as the claim relies on alleged copying of a sound recording; entitlement to statutory damages and attorneys' fees; causation; and a causal nexus for indirect or disgorgement profits. ECF 18-2 (Yeezy MTD Memorandum) at 9-15; ECF 20 (Reply) at 3-10. Ye's basis for joinder is that those arguments concern globally applicable deficiencies in the same direct infringement claim, based on the same accused work and alleged course of exploitation, asserted against Ye and Yeezy LLC. ECF 13 (FAC), ¶¶ 18-30, 33-45. The arguments below supplement those joined grounds and further address deficiencies specific to the allegations against Ye.

**B.    The FAC Does Not Plausibly Allege That Ye Personally Committed or Caused an Infringing Act**

Plaintiff fails to plead direct copyright infringement against Ye. "To establish a claim of copyright infringement, [a plaintiff] must show that it owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (affirming dismissal of direct infringement theories where third-party users, rather than the defendant, caused the

4

challenged activity). "'[V]olition' in this context does not really mean an 'act of willing or choosing' or an 'act of deciding,' which is how the dictionary defines the term. Rather, … it simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* (internal citations omitted) (cleaned up). In other words, "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *Id.* (emphasis in original). "Thus, the distinction between active and passive participation remains a central part of the analysis of an alleged infringement." *Id.* at 667.

Here, Plaintiff's allegations concern Ye's identity, affiliations, assistance, and alleged knowledge, but no volitional conduct to support the direct copyright infringement claim. In the FAC, Plaintiff alleges that Ye does business as "YEEZY TECH," that YZY is allegedly owned in whole or part by Ye or Yeezy LLC, that Ye assisted Kano and Klein with the Stem Player, that Ye "caused" a 2025 rerelease through Yeezy LLC and YZY, and that unidentified representatives acknowledged unauthorized use. ECF 13 (FAC), ¶¶ 7-8, 12, 25-30. However, none of these amounts to volitional conduct sufficient to sustain a direct infringement claim.

Plaintiff's allegation that Ye "caused" the 2025 re-release and "assisted" Kano and Klein in creating and distributing the Stem Player are conclusory. ECF 13 (FAC), ¶¶ 26, 28. These formulaic recitations effectively ask the Court to infer the underlying acts necessary to support the idea that Ye committed volitional conduct. That is not enough to allege a plausible claim and dismissal is proper. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Willis v. Tennant*, No. 25-CV-491 TWR (DEB), 2025 WL 2978714, at *7 (S.D. Cal. Oct. 22, 2025) ("[T]his conclusory statement that Moving Defendants 'engaged in acts' is not enough to plausibly state a claim for direct copyright infringement. … Plaintiff's factual allegations also fail to allege any specific conduct by Moving Defendants. … Because Plaintiff's FAC only includes conclusory allegations about

5

Moving Defendants' actions, Plaintiff did not sufficiently allege Moving Defendants violated at least one of her exclusive rights as a copyright holder."); *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-CV-00933-MMC, 2020 WL 1877707, at \*5-7 (N.D. Cal. Apr. 15, 2020) (dismissing allegations that recited statutory rights without identifying representative copied material or the defendant's manner of copying).

Even accepting the allegation that Ye "assisted" Kano and Klein, such assistance does not plead direct infringement unless the alleged assistance itself constituted or directly caused a violation of an exclusive right under the Copyright Act. ECF 13 (FAC), ¶ 26; *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147–48 (9th Cir. 2018) (distinguishing direct infringement, which requires that "the defendant himself violated" an exclusive right, from contributory infringement, under which liability may arise from "personal conduct that encourages or assists the infringement"). Similarly, Plaintiff's allegation that unidentified representatives for Ye acknowledged that material had been used without authorization also does not establish who selected, incorporated, copied, or distributed it. *See* ECF 13 (FAC), ¶ 30.

Notwithstanding the conclusory nature of the allegations, involvement with the Stem Player could not support a direct infringement theory because "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014).

Plaintiff's group pleading also does not properly allege volitional conduct. The FAC attributes virtually every operative act to "Defendants" collectively. ECF 13 (FAC), ¶¶ 15, 18-21, 27-30, 38-42. That is insufficient. Direct liability requires an act by the defendant himself. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145-1147 (9th Cir. 2018) (affirming dismissal because association with the account used for infringement did not plausibly establish that the named defendant personally infringed; the plaintiff had to allege "something more" linking him to the act).

DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MTN TO DISMISS

Similarly, generalized collective pleading like this is insufficient because it does not identify each defendant's causal role. "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). "Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018).

Ye's alleged ownership of or affiliation with Yeezy LLC likewise does not attribute that entity's conduct to him. An individual officer may be liable when he takes personal action to personally authorize, direct, or participate in tortious conduct. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). "However, mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual." *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004). "Corporate officers can be liable for corporate actions where they are the guiding spirit behind the wrongful conduct, or the central figure in the challenged corporate activity." *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019). Dismissal is therefore proper to the extent Plaintiff relies on Ye's corporate role to allege direct infringement. *See Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSX), 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (dismissing trademark and patent infringement claims against an individual defendant where her status as an owner, officer, or managing agent and a conclusory allegation that she was the "active, moving, conscious force" failed to plead facts showing her personal participation); *GS Holistic, LLC v. SF Hookah Palace Inc.*, No. 22-CV-07100-JSW, 2024 WL 3234055, at *3 (N.D. Cal. June 28, 2024) ("Plaintiff has not adequately alleged specific facts regarding Mr. Asfour's direction of, or participation in, the infringing conduct.

7

DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MTN TO DISMISS

Plaintiff's argument that Mr. Asfour's status as sole corporate officer is sufficient to incur personal liability is not in line with the law in the Ninth Circuit.").

### C.      Plaintiff's Derivative Work Theory is Deficient

As an independent theory of infringement, Plaintiff alleges the defendants' violation of its exclusive right to create derivatives "by allowing remixing of Plaintiff's Composition."  ECF 13 (FAC), ¶ 41.[1]  Plaintiff alleges that Stem Player customers could manipulate stems to alter songs and that one stem allegedly included the composition.  ECF 13 (FAC), ¶¶ 23-24.  However, this theory fails as a matter of law. Temporary user-generated changes are not derivative works because "[a] derivative work must incorporate a protected work in some *concrete or permanent form*."  *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 969 (9th Cir. 1992) (emphasis added).

Even so, this would not be a proper direct infringement theory because it relies on manipulation and production by the users and defendants' alleged support of that infringement.  *See Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1369 (N.D. Cal. 1995) ("The court believes that Netcom's act of designing or implementing a system that automatically and uniformly creates temporary copies of all data sent through it is not unlike that of the owner of a copying machine who lets the public make copies with it.  Although some of the people using the machine may directly infringe copyrights, courts analyze the machine owner's liability under the rubric of contributory infringement, not direct infringement.").  As discussed above, "operating a system used to make copies at the user's command does not mean that the system operator, rather than the user, caused copies to be made." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2014).

/ / /

---

[1] Plaintiff does not allege any other theory as to a violation of this derivative work right.

MARTORELL LAW APC

Litigation & Trial Counsel

8

### D. The FAC Alleges Copying of Recorded Audio but Does Not Identify Protected Expression in the Registered Composition

Plaintiff's music composition infringement claim is subject to dismissal because Plaintiff fails to identify the musical elements that it claims were infringed. "It is the copyright plaintiff's burden to identify the elements for the extrinsic test comparison." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1060 (C.D. Cal. 2010). Absent this identification, the extrinsic test for music composition copyright infringement simply cannot be performed. *See Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020) ("The extrinsic test requires a three-step analysis: (1) the plaintiff identifies similarities between the copyrighted work and the accused work; (2) of those similarities, the court disregards any that are based on unprotectable material or authorized use; and (3) the court must determine the scope of protection ('thick' or 'thin') to which the remainder is entitled 'as a whole.'").

Plaintiff's allegations of sound recording sampling do not supplant the fact that Plaintiff is pursuing a music composition claim that applies a different test. When a court is applying the extrinsic test to a music composition infringement claim in a scenario in which a sound recording also exists, it must "filter out" the elements of the sound recording because the "inquiry is confined to whether the unauthorized use of the composition itself was substantial enough to sustain an infringement claim." *Newton v. Diamond*, 388 F.3d 1189, 1193-1194 (9th Cir. 2004); *see Poindexter v. EMI Rec. Grp. Inc.*, No. 11 CIV. 559 LTS JLC, 2012 WL 1027639, at *4 (S.D.N.Y. Mar. 27, 2012) ("Because Plaintiff did not have standing to assert a copyright claim in the sound recording, … the Court must filter out the elements unique to the sound recording and consider only the *Thin Line'*s compositional elements."); *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 595 (S.D.N.Y. 2013) ("That this case involves the practice of sampling prior music into a new composition does not alter this analysis.")

MARTORELL LAW APC

Litigation & Trial Counsel

DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MTN TO DISMISS

It is principally critical that Plaintiff identify the musical elements supporting its claim because the Ninth Circuit has directly rejected the Sixth Circuit's per se infringement rule that any unauthorized digital sampling of a sound recording is infringement regardless of how little is taken. *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 886 (9th Cir. 2016). Thus, Plaintiff cannot avoid the extrinsic test for a composition claim by alleging copying of a sound recording. *See Id.*; *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1074 (9th Cir. 2021) ("Copying is only actionable if the 'defendant's work is substantially similar to the copyrighted work and is the product of copying rather than independent effort. In other words, even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial.") (*quoting* Nimmer on Copyright) (cleaned up).

### E. Ye Alternatively Moves for a More Definitive Statement

In the alternative, as to each of the foregoing grounds, Ye moves under Rule 12(e) for a move definite statement to the extent the Court is not inclined to grant his request for dismissal under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(e).

## IV. CONCLUSION

For the foregoing reasons, Defendant requests the Court grant this motion.

Date: August 10, 2026                    **MARTORELL LAW APC**


By: */s/ Evan Miller*
    Eduardo Martorell
    Christopher Rosario
    Evan Miller
    *Attorneys for Defendant,*
    Yeezy LLC and *Specially Appearing Defendant,*
    Ye f/k/a Kanye Omari West

DEFENDANT YE F/K/A KANYE OMARI WEST'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MTN TO DISMISS